```
         IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                  HOT SPRINGS DIVISION
```

**DANNY HEIRD and ELLA HEIRD**                                          PLAINTIFFS

         v.           Civil No. 09-6087

**THE UNITED STATES OF AMERICA;**
**VALOR HEALTHCARE, INC.; DORINDA**
**ROGERS, and JULIA WILDER**                                            DEFENDANTS


                            **O R D E R**

   Now on this 8th day of June, 2010, comes on for consideration the **Motion To Dismiss Or In The Alternative For Summary Judgment Of Defendant United States Of America** (document #9), and from said motion, and the response thereto, the Court finds and orders as follows:

   1.   Plaintiffs brought suit pursuant to the Federal Tort Claims Act ("FTCA"), **28 U.S.C. § 1402(b),** alleging negligent failure of the United States to ensure that its health care contractor Valor Healthcare, Inc. ("Valor") had systems in place to secure medical data.  The Complaint alleges that Valor negligently failed to secure medical data and to supervise its employees.  Two of Valor's employees, Dorinda Rogers ("Rogers") and Julia Wilder ("Wilder") are alleged to have committed assault and battery, invasion of privacy, and intentional infliction of distress, and Valor is alleged to be vicariously liable for these torts.

   2.   The United States now moves to dismiss, contending that

plaintiffs failed to exhaust their administrative remedies; that it is exempt from liability for the actions of its independent contractors; that it is exempt from liability under the discretionary function exemption; and that plaintiffs have failed to state a claim upon which relief can be granted.

3. The issue of exhaustion of administrative remedies is dispositive here. Pursuant to **28 U.S.C. § 2675**, "prior presentation of an administrative claim to the appropriate agency is a jurisdictional prerequisite to a suit based on the FTCA." **<u>Farmers State Savings Bank v. Farmers Home Administration</u>, 866 F.2d 276, 277 (8th Cir. 1989).**

There is no dispute that plaintiff, Danny Heird ("Danny"), presented an administrative claim -- the dispute is whether the claim was sufficient. Presentation requires that the claimant provide sufficient information to enable the agency to investigate, including both the identity of the claimant and the nature of the claims. *Id.*

A copy of Danny's Claim For Damage, Injury, Or Death ("Claim") is in the record and is not disputed. It states his claim as follows:

> Claimant was subjected to sexual impropriety while a patient at his V.A. Clinic by V.A. staff. Complete details are contained within the investigative file maintained by Gustaf C. Bernt, Criminal Investigator, V.A. Medical Center, 4300 W. Seventh Street, Little Rock, AR 72205.

-2-

Also in the record, and undisputed, is a copy of a Voluntary Witness Statement ("Statement") given by Danny to Investigator Bernt. The Statement recites, in relevant part, that Danny was injured in a car wreck in July, 2008, and that Wilder "made extra effort to get me help for my pain and commented that I owed her big time. This was used to extort sexual favors from me by sugesting [sic] she would let my family find out that we were having an affair."

Investigator Bernt inquired in the Statement whether Danny wanted "to add anything to this statement?" and Danny added the following:

> I felt forced to participate in these acts (sexual) with Julia to protect my family from the acusation [sic] she said she would make to cause my wife to leave me. I did try to get her to leave me alone and that I didn't want to be involved with this situation any longer but she would not leave me alone and implied that she didn't want to see my kids upset at me which meant to me that she would tell them that we were involved in sex and were together.

There is no mention in the Statement of any misuse or threatened misuse of information gleaned from Danny's medical records. The gist of the Claim, and the Statement that resulted from investigation of it are that Wilder got Danny pain medications and expected sexual favors in return, then continued to obtain sexual favors by threatening to tell Danny's wife about the affair. There is no indication whatsoever that Danny was claiming any negligent failure of the United States to ensure that

Valor Healthcare, Inc. ("Valor") had systems in place to secure medical data.

Danny suggests that the deficiency in his Claim is remedied by an entry in his medical records dated September 12, 2008, that "a receptionist gained access to his records; Receptionist said unless patient had sex with her, she would disclose certain information to Ms Heird. . . ." He also offers an Affidavit in which he avers that he "gave [Investigator Bernt] the details of my complaints, including my claim that Wilder and Rogers had access to my confidential medical information and had used this information to harass me and, in the case of Wilder, blackmail me into an unwanted sexual relationship."

These details, even if true, do not save Danny's claim. As to the former, there is no showing as to why or how the United States should have reviewed Danny's medical records in connection with his administrative claim of sexual harassment. As to the latter, Danny signed off on the Statement after adding the information he thought needed to be added, and the completed Statement did not inform the agency that Danny made any contention about the privacy or integrity of his medical records.

For the foregoing reasons, the Court concludes that Danny's Claim did not contain the information necessary to constitute presentment to the United States, and the Claim is, therefore, subject to dismissal for failure to exhaust administrative

remedies.

    4.   As for Ella Heird ("Ella"), there is no contention that she presented any claim to the United States, nor is there any claim asserted on her behalf in the Complaint.  The Court concludes that Ella's claims against the United States are also subject to dismissal.

    **IT IS THEREFORE ORDERED** that the **Motion To Dismiss Or In The Alternative For Summary Judgment Of Defendant United States Of America** (document #9) is **granted**, and plaintiffs' claims against the United States are **dismissed with prejudice.**

    **IT IS SO ORDERED.**

                                          **/s/ Jimm Larry Hendren**
                                          **JIMM LARRY HENDREN**
                                          **UNITED STATES DISTRICT JUDGE**